# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANCOLY COSMETIQUE and XIAMEN DANCOLY COSMETICS CO., LTD.,**

    **Plaintiffs,**

**v.**                                            Case No:   6:17-cv-1463-Orl-41KRS

**LE SECRET, INC. and MAHMOOD JAMAL,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION TO COMPEL PRODUCTION RESPONSIVE TO FIRST AND THIRD REQUESTS TO DEFENDANTS, AND TO SHORTEN TIME** (Doc. No. 52)
>
> **FILED:**     **December 20, 2018**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Although captioned as a motion to compel, this motion appears to be a request for the Court to impose sanctions for spoliation of evidence. *See* Doc. No. 52, at 1 ("A. Le Secret's Spoliation of Evidence"). The memorandum of law fails to address the elements that must be met to establish that spoliation occurred and it is not supported by evidence sufficient to establish each element.

Additionally, the motion reflects that counsel for Plaintiffs learned in March 2018 that Defendant Jamal's primary business computer failed in 2013. Doc. No. 52-2, at 3. Nevertheless, counsel for Plaintiffs failed to file a motion requesting sanctions for failure to preserve the ESI on

this computer until the eleventh hour before mediation and depositions are scheduled. As I have previously warned counsel for Plaintiffs, their delay in seeking relief from the Court for alleged discovery misconduct does not warrant emergency relief.[1] The delay in filing the motion also undermines any argument that good cause exists to extend deadlines in the Case Management and Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4).

Accordingly, counsel for Plaintiffs may file before the discovery deadline a motion to compel production of documents, without addressing spoliation, and the Court will address that motion when it is ripe for resolution. If counsel for Plaintiffs can establish (1) that evidence existed after the date that Defendants were required to preserve it, (2) that this evidence is now not available as a result of Defendants' failure to take reasonable steps to preserve it, (3) that the evidence cannot be restored or replaced through additional discovery, and (4) that Plaintiffs were prejudiced by the loss of the information, they may file, before the discovery deadline, a separate motion for sanctions pursuant to Federal Rule of Evidence 37(e) and controlling case law in this circuit.[2] Before filing either a motion to compel or a motion for sanctions, counsel for the parties must speak to each other in a good faith effort to resolve the disputes.

**DONE** and **ORDERED** in Orlando, Florida on December 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs' counsel also inappropriately disparaged a particular attorney in the motion in violation of the Local Rules and discovery guidelines in this Court. The proper and best advocacy is that which is limited to a fair presentation of the facts and the law without inflammatory language or acrimony toward opposing counsel. Going forward, the Court may strike filings that contain uncivil and impertinent arguments without considering the merits of the filings.

[2] Counsel are reminded that Federal Rule of Civil Procedure 11 applies to both motions and responses thereto.